# EXHIBIT "A"



# Leon County Clerk of the Circuit Court and Comptroller
## Court Case Search

Full Case View 　　　　　　　　　　　　　　　　　　　　**Print Page**

---

| 37 2020 CA 001681 - BRADLEY, ALEXANDRIA vs INLAND MANAGEMENT CORPORATION |
|---|

| Party Status | Party | Party Code | Attorney | Attorney Status |
|---|---|---|---|---|
| | INLAND MANAGEMENT CORPORATION , | DEFENDANT | PRO SE | ACTIVE |
| | BRADLEY, ALEXANDRIA | PLAINTIFF | MARIE A MATTOX | ACTIVE |

Top of Page

| Action Dscr | Open/Reopen Status | Open/Reopen Date | Disposition | Disposition Date | Judge |
|---|---|---|---|---|---|
| OTHER DISCRIMINATION | OPEN | 9/10/2020 | | | DEMPSEY |

Top of Page

| Charge # | Action Code | Description | Plea Date | Plea | Decision Date | Court Action | Charge Disposition | Citation |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

Top of Page

| | Judges Appearing on Case | | |
|---|---|---|---|
| Last Name | First Name | Date Assigned | Source |
| DEMPSEY | ANGELA | 9/11/2020 10:21:50 AM | BM |

Top of Page

Viewable On Request Statuses





---

| Docket Table Headers Are Sortable. Click For Ascending, Again For Descending Order |
|---|
| Source Table Abbreviations: BM = Benchmark; JIS = Justice Informations System |

| Docket Date | CCISSeqNbr | Docket Code | ECertify | Docket Text | OR Book | OR Page | Source |
|---|---|---|---|---|---|---|---|
| 9/10/2020 | 2 | CCS | ‹‹-*Req $* | CIVIL COVER SHEET | | | BM |
| 9/10/2020 | 3 | COMP_CA | ‹‹-*Req $* | COMPLAINT | | | BM |
| 9/10/2020 | 4 | SUIS | ‹‹-*Req $* | SUMMONS ISSUED | | | BM |
| 9/11/2020 | 1 | a002 | | JUDGE DEMPSEY, ANGELA C: ASSIGNED | | | BM |
| 9/11/2020 | 5 | RECEIPT | ‹‹-*Req $* | PAYMENT $410.00 RECEIPT #1527709 | | | BM |
| 10/7/2020 | 6 | NOTO | ‹‹-*Req $* | NOTICE OF DISCLOSURE | | | BM |
| 11/2/2020 | 7 | RETM | ‹‹-*Req $* | RETURNED MAIL | | | BM |
| 1/11/2021 | 8 | NDOD | ‹‹-*Req $* | NOTICE OF INTENT TO DISMISS FOR LACK OF SERVICE | | | BM |
| 1/13/2021 | 9 | ROSE | ‹‹-*Req $* | RETURN OF SERVICE EXECUTED - INLAND | | | BM |
| 1/19/2021 | 10 | ROSE | ‹‹-*Req $* | RETURN OF SERVICE EXECUTED | | | BM |

Top of Page

| Event | Date | Start | Location | Judge | Result | Source |
|-------|------|-------|----------|-------|--------|--------|
|       |      |       |          |       |        |        |

Top of Page

| Docket Application | Owed | Paid | Dismissed | Due |
|--------------------|------|------|-----------|-----|
| COMPLAINT | $400.00 | $400.00 | $0.00 | $0.00 |
| SUMMONS ISSUED | $10.00 | $10.00 | $0.00 | $0.00 |

Top of Page

| Ordered Amt | Paid | Ar Plan Dismissed | Balance | Delinquent |
|-------------|------|-------------------|---------|------------|
|             |      |                   |         |            |

Top of Page

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting <u>data</u> pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.       CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SECOND</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>LEON</u>   COUNTY, FLORIDA

Case No.: <u>2020 CA 001681</u>
Judge: _____

<u>ALEXANDRIA BRADLEY</u>
Plaintiff
            vs.
<u>INLAND MANAGEMENT CORPORATION</u>
Defendant

**II.      AMOUNT OF CLAIM**
Please indicate the estimated amount of the claim rounded to the nearest dollar $<u>75,000</u>

**III.     TYPE OF CASE**     (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence – other
　☐ Business governance
　☐ Business torts
　☐ Environmental/Toxic tort
　☐ Third party indemnification
　☐ Construction defect
　☐ Mass tort
　☐ Negligent security
　☐ Nursing home negligence
　☐ Premises liability – commercial
　☐ Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
　☐ Commercial foreclosure
　☐ Homestead residential foreclosure
　☐ Non-homestead residential foreclosure
　☐ Other real property actions
☐ Professional malpractice
　☐ Malpractice – business
　☐ Malpractice – medical

　☐ Malpractice – other professional
☒ Other
　☐ Antitrust/Trade Regulation
　☐ Business Transaction
　☐ Circuit Civil - Not Applicable
　☐ Constitutional challenge-statute or ordinance
　☐ Constitutional challenge-proposed amendment
　☐ Corporate Trusts
　☒ Discrimination-employment or other
　☐ Insurance claims
　☐ Intellectual property
　☐ Libel/Slander
　☐ Shareholder derivative action
　☐ Securities litigation
　☐ Trade secrets
　☐ Trust litigation

☐ County Civil
　☐ Small Claims up to $8,000
　☐ Civil
　☐ Replevins
　☐ Evictions
　☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.     REMEDIES SOUGHT** (check all that apply):
☒  Monetary;
☒  Non-monetary declaratory or injunctive relief;
☒  Punitive

**V.      NUMBER OF CAUSES OF ACTION:**
(Specify)

<u>1</u>

**VI.     IS THIS CASE A CLASS ACTION LAWSUIT?**
☐  Yes
☒  No

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒  No
☐  Yes – If "yes" list all related cases by name, case number and court:

**VIII.   IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒  Yes
☐  No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature:   <u>s/ Marie A Mattox</u>
            Attorney or party
FL Bar No.:  <u>739685</u>
            (Bar number, if attorney)
            <u>Marie A Mattox</u>
            (Type or print name)
    Date:   <u>09/10/2020</u>

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

**ALEXANDRIA BRADLEY,**

**CASE NO.:  20-CA-** 2020 CA 001681
**FLA BAR NO.: 0739685**

    **Plaintiff,**

**v.**

**INLAND MANAGEMENT CORPORATION,**

    **Defendant.**

_____/

## COMPLAINT

Plaintiff,    ALEXANDRIA    BRADLEY,    hereby    sues    Defendant,    INLAND

MANAGEMENT CORPORATION, and alleges:

## NATURE OF THE ACTION

1.    This is an action brought under Chapter 760, Florida Statutes.

2.    This action involves claims which are, individually, in excess of Thirty Thousand

Dollars ($30,000.00), exclusive of costs and interest.

## THE PARTIES

3.    At all times pertinent hereto, Plaintiff, ALEXANDRIA BRADLEY, has been a

resident of the State of Florida and was employed by Defendant.  Plaintiff is a member of a

protected class because of her race.

4.    At    all    times    pertinent    hereto,    Defendant,    INLAND    MANAGEMENT

CORPORATION, has been organized and existing under the laws of the State of Florida.  At all

times pertinent to this action, Defendant has been an "employer" as that term is used under the

applicable laws identified above.

## CONDITIONS PRECEDENT

5.     Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and with the EEOC.  This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6.     Plaintiff, an African American female, began her employment with Defendant in July 2016 and held a position in Office Administration at the time of her wrongful termination on March 13, 2017.

7.     Despite Plaintiff's stellar work performance during her employment with Defendant, Plaintiff was subjected to disparate treatment, different terms and conditions of employment, and was held to a different standard because of her race (black).

8.     The disparate treatment came at the hands of specifically, but not limited to, Office Manager Liam Gillen, an Irish male.

9.     Plaintiff and other African American workers were treated with disparate treatment by Manager Gillen due to their race and treated less favorably than white employees specifically but not limited to training, reprimands, probation, job duties beyond job description, and wrongful discharge.

10.     On March 13, 2017, Plaintiff was wrongfully terminated by Office Manager Gillen without any warning. When Plaintiff inquired as to why she was being terminated, Gillen assured her that she was a great worker, but that it just wasn't working out for him.

11.     Plaintiff explained to Gillen that she performed all of her job duties to the highest standard, citing numerous examples. Gillen again told Plaintiff that her termination has nothing to do with her job performance or work ethics.

12.     The following day, Gillen placed the only black salesperson on a 30-day probation, with no reason cited.

13.     Gillen also fired another black employee for contrived allegations of the employee being on his phone. However, the employee did not own a phone at the time.

14.     Furthermore, black employee Kiara Smith was never properly trained under Gillen's management. She was given a 30-day notice on March 14, 2017, due to not having completed a sale. However, there were numerous white employees who had been trained and also had not completed a sale. However, these white employees were not terminated.

15.     Moreover, white employee Tessa Senevy was treated more favorably than black employees. Although Plaintiff performed all the same job duties as Senevy, Senevy consistently received recognition for these, while Plaintiff did not.

16.     After she was fired, Plaintiff emailed the Defendant to report the discriminatory treatment.

17.     Gillen was removed from management the following week, but the Defendant never responded to Plaintiff's email.

18.     Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## RACE DISCRIMINATION

19.     Paragraphs 1 through 18 are re alleged and incorporated herein by reference.

20.     This is an action against Defendant for discrimination based upon race brought under Chapter 760, Florida Statutes.

3

21.     Plaintiff has been the victim of discrimination on the basis of Plaintiff's race in that Plaintiff was treated differently than similarly situated employees of Defendants who are white and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's race.

22.     Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.   Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

23.     Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

24.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race based nature and in violation of the laws set forth herein.

25.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.  The events set forth herein lead, at least in part, to Plaintiff's termination on contrived allegations.

26.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of Chapter 760, Florida Statutes.

27.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary

losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a)     that process issue and this Court take jurisdiction over this case;

(b)     that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)     enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)     enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)     enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)      award Plaintiff interest where appropriate; and

(g)     grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 10th day of September 2020.

5

Respectfully submitted,


/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 N Gadsden Street
Tallahassee, FL 32301
Telephone:  (850) 383-4800
Facsimile:  (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
Michelle2@mattoxlaw.com
marlene@mattoxlaw.com


ATTORNEYS FOR PLAINTIFF

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

**ALEXANDRIA BRADLEY,**

CASE NO.:   20-CA- 2020 CA 001681
FLA BAR NO.: 0739685

      **Plaintiff,**

**v.**

**INLAND MANAGEMENT CORPORATION,**

      **SUMMONS**

      **Defendant.**

_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

      **INLAND MANAGEMENT CORPORATION**
      **C/O PATTEN, HARRY S – OFFICER/DIRECTOR**
      **665 SIMONDS RD.**
      **WILLIAMSTOWN, MA 01267**

      Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

      DATED on _____, 2020.

      CLERK OF THE CIRCUIT COURT



      By: _____   09/11/2020



# LEON COUNTY Receipt of Transaction
## Receipt #    1527709

GWEN MARSHALL
Clerk of Court and Comptroller
LEON COUNTY, FLORIDA

**Received From:**
Marie A. Mattox
203 North Gadsden Street
Tallahassee, FL  32301

**On Behalf Of:**

On: 9/11/2020  10:21:59AM
Transaction # 100787431
Cashiered by: L WILLIAMS

,

| CaseNumber   2020 CA 001681 |
|---|

**Judge**   ANGELA C DEMPSEY

**ALEXANDRIA BRADLEY   VS   INLAND MANAGEMENT CORPORATION**

Comments:

| Fee Description | Fee | Prior Paid | Waived | Due | Paid | Balance |
|---|---|---|---|---|---|---|
| (COMP_CA) COMPLAINT | 400.00 | 0.00 | 0.00 | 400.00 | 400.00 | 0.00 |
| (SUIS) SUMMONS ISSUED | 10.00 | 0.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| Total: | 410.00 | 0.00 | 0.00 | 410.00 | 410.00 | 0.00 |
| Grand Total: | 410.00 | 0.00 | 0.00 | 410.00 | 410.00 | 0.00 |

| PAYMENTS |
|---|

| Payment Type | Reference | | Amount | Refund | Overage | Change | Net Amount |
|---|---|---|---|---|---|---|---|
| CREDIT CARD EFILE | 113191581 | OK | 410.00 | 0.00 | 0.00 | 0.00 | 410.00 |
| | Payments Total: | | 410.00 | 0.00 | 0.00 | 0.00 | 410.00 |

Page 1 of 1

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT, IN AND FOR LEON
COUNTY, FLORIDA.

ALEXANDRIA BRADLEY,                     CASE NO. 2020 CA 1681
                                         CIVIL DIVISION
      Plaintiff,

vs.

INLAND MANAGEMENT CORPORATION,

      Defendant.
_____/

## NOTICE OF DISCLOSURE

THIS CAUSE, being before this Court sua sponte, the Court hereby discloses the following:

1)  Marie Mattox was on the undersigned's campaign committee which consists of over 100 attorneys in the Second Circuit.

2)  The Court believes this disclosure is required by Canon 3E(1) of the Code of Judicial Conduct and Judicial Ethics Advisory Committee opinion 2013-19.

This notice was provided on this ___ day of ___, 2020.

                               Angela C. Dempsey
                               Circuit Judge

Copies provide to:
All attorneys or parties of record

2020 CA 001681

ANGELA C. DEMPSEY
CIRCUIT JUDGE
LEON COUNTY COURTHOUSE
301 SOUTH MONROE STREET
TALLAHASSEE, FL 32301

FILED
LEON COUNTY, FLORIDA
2020 NOV -2 PM 2:06

Inland Management Corp.
237 Four Points Way
Tallahassee FL 32305

FIRST CLASS

U S POSTAGE >> PITNEY BOWES

ZIP 32301
02 4W
0000351390CT 07 2020
$ 000.50°

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT, IN AND FOR LEON
COUNTY, FLORIDA.

ALEXANDRIA BRADLEY,                         CASE NO. 2020 CA 1681
                                             CIVIL DIVISION
    Plaintiff,

vs.

INLAND MANAGEMENT CORPORATION,

    Defendant.

_____/


## NOTICE OF DISCLOSURE

THIS CAUSE, being before this Court sua sponte, the Court hereby discloses the following:

1)    Marie Mattox was on the undersigned's campaign committee which consists of over 100 attorneys in the Second Circuit.

2)    The Court believes this disclosure is required by Canon 3E(1) of the Code of Judicial Conduct and Judicial Ethics Advisory Committee opinion 2013-19.

This notice was provided on this ____ day of _____, 2020.


                                                        Angela C. Dempsey
                                                         Circuit Judge

Copies provide to:
All attorneys or parties of record

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN
AND FOR LEON COUNTY, FLORIDA

ALEXANDRIA BRADLEY,
      Plaintiff,

vs.

CASE NO.: 2020 CA 1681

INLAND MANAGEMENT CORPORATION,
      Defendant.

_____/

## NOTICE OF INTENT TO DISMISS FOR LACK OF SERVICE AND ORDER OF DISMISSAL

**THIS MATTER** came before this Court upon a review of the docket indicating that no service has been obtained on Defendant within 120 days of filing as required in Fla.R.Civ.P. 1.070(j) on the Complaint filed September 10, 2020. It is therefore

**ORDERED AND ADJUDGED** as follows:

1.    The Plaintiff shall have 30 days from the date of this order to obtain service OR within 30 days from the date of this order, the Plaintiff shall file a motion alleging facts that support a finding of good cause for this Court to allow additional time to serve Defendant.

2.    If service is not obtained within 30 days on Defendant and the docket shows no order finding good cause, the case will be dismissed without prejudice without further court order.

**DONE AND ORDERED** in Tallahassee, Florida this ___11___ day of January, 2021.

_____
Angela C. Dempsey
Circuit Judge

Copies furnished to:
Marie Mattox, Attorney for Plaintiff

# AFFIDAVIT OF PROCESS SERVER

Job # T204664

### Client Info:

MARIE MATTOX, PA
MARIE MATTOX
203 NORTH GADSDEN STREET
Tallahassee, FL 32301

### Case Info:

**PLAINTIFF:**
ALEXANDRIA BRADLEY
-versus-
**DEFENDANT:**
INLAND MANAGEMENT CORPORATION

CIRCUIT COURT

County of Leon, Florida
Court Case # 20-CA-2020 CA 001681

### Service Info:

Date Received by Accurate Serve: 12/28/2020 at 10:45 AM
Service: I Served **INLAND MANAGEMENT CORPORATION C/O PATTEN, HARRY S- OFFICER/DIRECTOR**
With: **SUMMONS; COMPLAINT**
by leaving with **AMY SMITH, CHIEF OPERATING OFFICER**

At Residence 665 SIMONDS RD. WILLIAMSTOWN, MA 01267
On **12/29/2020** at 09:02 AM
**Manner of Service: CORPORATE**
CORPORATE SERVICE: F.S. 48.081 (1)(a)(b)(c)(d), (2) or (3)

### Served Description:  (Approx)

Age: **55**, Sex: **Female**, Race: **White-Caucasian**, Height: **5' 5"**, Weight: **180**, Hair: **Brown** Glasses:  **No**

I John A. Habermehl certify that I am over the age of 18, have no interest in the above action, and I am authorized in the jurisdiction in which this service was made.

Signature of Server: _John A. Habermehl_   12/30/2020

Process Server: _John A. Habermehl_ , Lic # N/A
**ACCURATE SERVE OF TALLAHASSEE**
400 CAPITAL CIRCLE SE STE 18291
Tallahassee, FL 32301
Phone: (850) 519-5494

Our Job # **T204664**

SUBSCRIBED AND SWORN to before me this ___30___ day of ___December, 2020___, by ___John A. Habermehl___
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me by:
[X] physical presence [__] online presence.



NOTARY PUBLIC for the state of Massachusetts
new york

RICHARD J. WARREN
Notary Public, State of New York
Qualified in Rensselaer County
No. 01WA6098217
Commission Expires Sept. 08, 20 23



1 of 1

# AFFIDAVIT OF PROCESS SERVER

Job # T204664

**Client Info:**

MARIE MATTOX, PA
MARIE MATTOX
203 NORTH GADSDEN STREET
Tallahassee, FL 32301

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:** | CIRCUIT COURT |
| ALEXANDRIA BRADLEY | |
| -versus- | |
| **DEFENDANT:** | County of Leon, Florida |
| INLAND MANAGEMENT CORPORATION | Court Case # 20-CA-2020 CA 001681 |

**Service Info:**

Date Received by Accurate Serve: 12/28/2020 at 10:45 AM
Service: I Served **INLAND MANAGEMENT CORPORATION C/O PATTEN, HARRY S- OFFICER/DIRECTOR**
With: **SUMMONS; COMPLAINT**
by leaving with **AMY SMITH, CHIEF OPERATING OFFICER**

At Residence 665 SIMONDS RD. WILLIAMSTOWN, MA 01267
On **12/29/2020** at **09:02 AM**
**Manner of Service: CORPORATE**
CORPORATE SERVICE: F.S. 48.081 (1)(a)(b)(c)(d), (2) or (3)

**Served Description:  (Approx)**

Age: **55**, Sex: **Female**, Race: **White-Caucasian**, Height: **5' 5"**, Weight: **180**, Hair: **Brown** Glasses:  **No**

I John A. Habermehl certify that I am over the age of 18, have no interest in the above action, and I am authorized in the jurisdiction in which this service was made.

Signature of Server: _John A. Habermehl_  12/30/2020

Process Server: _John A. Habermehl_, Lic # _N/A_
**ACCURATE SERVE OF TALLAHASSEE**
400 CAPITAL CIRCLE SE STE 18291
Tallahassee, FL 32301
Phone: (850) 519-5494

Our Job # **T204664**

SUBSCRIBED AND SWORN to before me this ___3 0___ day of _December, 2020_, by _John A. Habermehl_
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me by:
[X] physical presence [__] online presence.

NOTARY PUBLIC for the state of Massachusetts
New York

RICHARD J. WARREN
Notary Public, State of New York
Qualified in Rensselaer County
No. 01WA6098217
Commission Expires Sept. 08, 20 23




1 of 1

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

**ALEXANDRIA BRADLEY,**

     **Plaintiff,**

v.

**INLAND MANAGEMENT CORPORATION,**

     **Defendant.**

_____/

CASE NO.:  20-CA- 2020 CA 001681
FLA BAR NO.: 0739685

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

     YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

     **INLAND MANAGEMENT CORPORATION**
     **C/O PATTEN, HARRY S – OFFICER/DIRECTOR**
     **665 SIMONDS RD.**
     **WILLIAMSTOWN, MA 01267**

     Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

     DATED on _____, 2020.



CLERK OF THE CIRCUIT COURT

By: _____   09/11/2020

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

**ALEXANDRIA BRADLEY,**

      **Plaintiff,**

CASE NO.:  20-CA-
FLA BAR NO.: 0739685

v.

**INLAND MANAGEMENT CORPORATION,**

      **Defendant.**

_____/

## COMPLAINT

Plaintiff, ALEXANDRIA BRADLEY, hereby sues Defendant, INLAND MANAGEMENT CORPORATION, and alleges:

## NATURE OF THE ACTION

1.    This is an action brought under Chapter 760, Florida Statutes.

2.    This action involves claims which are, individually, in excess of Thirty Thousand Dollars ($30,000.00), exclusive of costs and interest.

## THE PARTIES

3.    At all times pertinent hereto, Plaintiff, ALEXANDRIA BRADLEY, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class because of her race.

4.    At all times pertinent hereto, Defendant, INLAND MANAGEMENT CORPORATION, has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above.

**CONDITIONS PRECEDENT**

5.      Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and with the EEOC.  This action is timely filed thereafter.

**STATEMENT OF THE ULTIMATE FACTS**

6.      Plaintiff, an African American female, began her employment with Defendant in July 2016 and held a position in Office Administration at the time of her wrongful termination on March 13, 2017.

7.      Despite Plaintiff's stellar work performance during her employment with Defendant, Plaintiff was subjected to disparate treatment, different terms and conditions of employment, and was held to a different standard because of her race (black).

8.      The disparate treatment came at the hands of specifically, but not limited to, Office Manager Liam Gillen, an Irish male.

9.      Plaintiff and other African American workers were treated with disparate treatment by Manager Gillen due to their race and treated less favorably than white employees specifically but not limited to training, reprimands, probation, job duties beyond job description, and wrongful discharge.

10.     On March 13, 2017, Plaintiff was wrongfully terminated by Office Manager Gillen without any warning. When Plaintiff inquired as to why she was being terminated, Gillen assured her that she was a great worker, but that it just wasn't working out for him.

11.     Plaintiff explained to Gillen that she performed all of her job duties to the highest standard, citing numerous examples. Gillen again told Plaintiff that her termination has nothing to do with her job performance or work ethics.

2

12.     The following day, Gillen placed the only black salesperson on a 30-day probation, with no reason cited.

13.     Gillen also fired another black employee for contrived allegations of the employee being on his phone. However, the employee did not own a phone at the time.

14.     Furthermore, black employee Kiara Smith was never properly trained under Gillen's management. She was given a 30-day notice on March 14, 2017, due to not having completed a sale. However, there were numerous white employees who had been trained and also had not completed a sale. However, these white employees were not terminated.

15.     Moreover, white employee Tessa Senevy was treated more favorably than black employees. Although Plaintiff performed all the same job duties as Senevy, Senevy consistently received recognition for these, while Plaintiff did not.

16.     After she was fired, Plaintiff emailed the Defendant to report the discriminatory treatment.

17.     Gillen was removed from management the following week, but the Defendant never responded to Plaintiff's email.

18.     Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services.  Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## RACE DISCRIMINATION

19.     Paragraphs 1 through 18 are re alleged and incorporated herein by reference.

20.     This is an action against Defendant for discrimination based upon race brought under Chapter 760, Florida Statutes.

21.     Plaintiff has been the victim of discrimination on the basis of Plaintiff's race in that Plaintiff was treated differently than similarly situated employees of Defendants who are white and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's race.

22.     Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

23.     Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

24.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race based nature and in violation of the laws set forth herein.

25.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to Plaintiff's termination on contrived allegations.

26.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of Chapter 760, Florida Statutes.

27.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary

losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a)   that process issue and this Court take jurisdiction over this case;

(b)   that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)   enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)   enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)   enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)    award Plaintiff interest where appropriate; and

(g)   grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 10th day of September 2020.

5

Respectfully submitted,


/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 N Gadsden Street
Tallahassee, FL 32301
Telephone:  (850) 383-4800
Facsimile:   (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
Michelle2@mattoxlaw.com
marlene@mattoxlaw.com


ATTORNEYS FOR PLAINTIFF